Per Curiam.

The commissioners having been named in the notice of the motion, and the plaintiff having neither joined nor objected, is now concluded.(a)

Hamilton

then argued against the application, because it was uncertain how long it would tie up the cause, and. the defendants had not entered into any stipulation.
Per Curiam.
It is unnecessary, for they take the commission at their peril; let it issue. [1]
Hamilton asked for the costs of the circuit.
The Court ordered them, and seemed to think that in all cases of delay, costs should follow.
On payment of costs of the circuit, motion granted.

 The objections should be made by affidavit, stating the facts on which grounded. Biays v. Merrihew, 3 Johns. Rep. 261.

 When party applying for commission must pay costs. La Farge v. Luce, 2 Wend. 242. Jones v. Ives, 1 Wend. 283. Burr v. Skinner, 1 J. 0. 291.
When a commission will stay proceedings, and when stay will be vacated. Beall v. Day, 1 Wend. 513. McVicar v. Woolcot, 3 Cai. R. 321. Nichol v. Col. Ins. Co., 1 Id. 345. Pell v. Bunker, 2 Id. 46. Ferris v. Smith, 2 Id. 253. Shuter v. Hallet, 1 Id. 115. Kirby v. Watkins, 1 Id. 503. Coles v. Thompson, 1 Id. 511. Brain v. Rodelies, 1 Id. 73. Burr v. Skinner, 1 J. C. 391. Rush v. Cobbet, 2 Id. 70. Maynard v. Chapin, 1 Wend. 520. Bourherean v. La Guen, 2 J. R. 196. Bank of Charleston v. Hurlbut, 1 Sand. 717. 1 Code Rep. 128, S. C. Voss v. Fielden, 2 Sand. 690.